In the Matter of the Sale of 27 Cunard Street, Belvidere, New Castle County, Delaware, to pay debts, property of Lillian Wade, Deceased.

(*August* 11, 1955.)

Layton, J., sitting.

*Edward W. Cooch, Jr.,* for Levy Court.

*Clement C. Wood* for Petitioner.

Orphans' Court for New Castle County.

LAYTON, J.:

The County tax lien and the sewer lien* have priority in the order named. Title 25, *Del. C.*, § 2901, in language admitting of no doubt, makes paramount liens imposed by the Levy Court. Compare *Ferris v. Chic-Mint Gum Co.*, 14 *Del. Ch.* 232, 124 *A.* 577. The sewer liens would seem to rank just behind the tax lien because of the language of Title 9, *Del. C.*, § 2211(a) which states that "The lien (sewer lien) shall be superior and paramount to * * * except the lien of taxes." However, I do not feel that the so-called use charge of $68, forming a part of the sewer lien, is entitled to a tax preference for the reason that it was not entered on the New Castle County sewer lien docket as provided by Title 9, *Del. C.*, § 2212. This section provides that the lien for all sewer service charges shall be entered in the docket and further provides that no sewer lien shall be valid unless recorded as provided. Customarily, this charge seems to be carried on a card in the office of the County Engineer. Title searchers, particularly, could be prejudiced by such a procedure. Moreover, the section referred to requires that the sewer lien be entered on the docket. The use charge of $68 is accordingly disallowed as a preferred tax lien. Interest, however, will be allowed because it is utterly impracticable to keep accruing daily interest charges on such a docket.

---

*Except for the amount of the use charge of $68 which will be discussed hereafter.

The remaining claims will be given priority as follows: (1) The judgment lien, (2) funeral bill, including the amount of $125 paid against said funeral bill by Ruth Chalk, provided there is clear evidence of this fact as represented by an assignment from the undertaker to the extent of this part of his bill and (3) all other claims including the use charge of $68 previously alluded to.